UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARK J. COMBS,<br><br>              Plaintiff,<br><br>   v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>              Defendant. | CASE NO. 12-5282 RJB/JRC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

      This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge J. Richard Creatura. Dkt. 24. The Court has considered the Report and Recommendation, Objections to the Report and Recommendation, and the remaining record.

      The Report and Recommendation recommends affirming the commissioner's decision to deny Plaintiff's claim for disability benefits under the Social Security Act. Dkt. 24. After review of the Report and Recommendation, and Plaintiff's Objections, this Court concludes that the Commissioner's decision should be upheld, the Report and Recommendation adopted, and this case closed.

Plaintiff's Objections to the Report and Recommendation are a reiteration of his prior pleadings and are addressed in the Report and Recommendation. Plaintiff argues that the ALJ erred in concluding that Plaintiff could perform both simple and complex tasks. Dkt. 25. Plaintiff argues that an examining physician, Dr. William J. Chalstrom, found that Plaintiff was limited to short and simple instructions. Dkt. 25. A review of Dr. Chalstrom's psychological evaluation does not support Plaintiff's position. In the "mental status" portion of his evaluation, Dr. Chalstrom noted that:

> The claimant is a tall man who is 6'8" tall. He was dressed in a ball cap, white t-shirt and blue walking shorts. He was adequately groomed. There was no evidence of psychomotor agitation or retardation. He was cooperative throughout the interview. There was no indication of malingering or factitious behavior. He described his mood as bad. "I don't want to do anything." I am probably going to drop out of school." His affect was somewhat blunted and was congruent with his stated mood. He denied delusional material or hallucinatory experiences. He was not suicidal or homicidal. Speech was mildly rapid. He was somewhat tangential and tended to ramble. He was oriented times three.
> His remote memory seemed to be intact. On recent recall he could remember three out of three objects after five minutes. He could repeat five digits forward and three digits backward on immediate recall. Fund of knowledge was fair. He could name the last five presidents in order. When asked to name the governor of Washington he said he had no idea. He could name the bordering states. Concentration was fair. He could do serial 7s at a good pace, but did make one, one digit error. He could spell *world* forward and backward. He could follow a 3-step command and had no difficulty following our conversation. He was rather concrete when asked to interpret proverbs. For example, on *strike while the iron is hot,* he said, "It has to do with pitching." On *don't cry over spilled milk* he said, "Why worry about it?" He showed poor judgment when asked what he would do *smoke/theater,* when he said he would hit the alarm.

Tr. 292-293. Dr. Chalstrom opined that the "MSE indicates that he is capable of understanding, remembering, and carrying out short and simple instructions." Tr. 294. Dr. Chalstrom further opined that "It would appear that he could get along with others in a work situation. There is no evidence to indicate that he could not maintain attention, concentration, and pace through a normal eight-hour workday." *Id.*

ORDER ADOPTING REPORT AND
RECOMMENDATION- 2

As stated in the Report and Recommendation, the ALJ is responsible for resolving ambiguities and conflicts in the medical evidence. Dkt. 24, at 8 (citing *Reddick v. Chatter,* 157 F.3d 715, 722 (9th Cir. 1998)). At best, Dr. Chalstrom's conclusions are ambiguous as to whether Plaintiff can carry out complex tasks. The ALJ did not err in relying on other medical reports which were more conclusive on the issue. Plaintiff's objections do not provide a basis to reject the Report and Recommendation. The Report and Recommendation (Dkt. 24) should be adopted and the case closed.

It is **ORDERED** that:

1) The Report and Recommendation (Dkt. 24) is **ADOPTED**;

2) The Commissioner's decision to deny benefits is **AFFIRMED**; and

3) This case is **CLOSED**.

The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate judge J. Richard Creatura, all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 8th day of April, 2013.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge